# Exhibit "A"

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO<br>18-011119-NO<br>Hon. Craig S. Strong |
|---|---|---|

Court Address 2 Woodward Ave., Detroit MI 48226                    Court Telephone No. 313-224-2240

| Plaintiff<br><br>HARRIS, NICOLE | v | Defendant<br><br>WAL-MART STORES, INC., a Foreign Corporation |
|---|---|---|
| **Plaintiff's Attorney**<br><br>Brian L. Fantich 60935<br>30903 Northwestern Hwy Ste 270<br>Farmington Hills, MI 48334-3148 | | |

**SUMMONS NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>8/31/2018 | This summons expires<br>11/30/2018 | Court clerk<br>Deborah Bynum |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be filled by the plaintiff.)
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| | |

| Place where action arose or business conducted |
|---|
| |

Date: 9/5/18

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) SUMMONS AND COMPLAINT  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless served on or before its expiration date.

| SUMMONS AND COMPLAINT |
|---|
| 18-011119-NO |

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**     **OR**     ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint together with _____ List all documents served with the Summons and Complaint _____ Plaintiff's Request for Production of Documents/Things, Plaintiff's First Set of Interrogatories to Defendant _____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  | Wal-Mart Stores, Inc.<br>c/o The Corporation Company<br>40600 Ann Arbor Road, E., Suite 201<br>Plymouth, MI 48170 |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge and belief

| Service fee $ | Miles traveled $ | Fee $ |  |  | Signature |
|---|---|---|---|---|---|
| Incorrect Address fee $ | Miles traveled $ | Fee $ |  | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                      Date

My commission expires: _____ Signature: _____
                          Date                                       Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                             Attachments
_____ on _____
                                              Day, date, time
_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

NICOLE HARRIS, individually
and as Next Friend of K▮▮▮
D▮▮▮, a Minor,

        Plaintiff,

vs.                            Case No.     NO
                                   Hon.

WAL-MART STORES, INC., a Foreign corporation
individually

WAL-MART STORES EAST, LIMITED
PARTNERSHIP, a Foreign Limited Partnership,

        Defendants.
_____/
LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
ROBERT BACHTEAL P32495
CARRA J. STOLLER P64540
Attorney for Plaintiff
30903 Northwestern #270
Farmington Hills, MI 48334
(248) 855-0100
FAX (248) 855-3557
_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT

NOW COMES the above-named Plaintiff, by and through her attorneys, THE LAW OFFICE KELMAN & FANTICH, and files this Complaint against the Defendant and states as follows:

18-011119-NO  FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  8/31/2018 4:04 PM  Debra Bynum

1. That Plaintiffs are residents of the City of Ypsilanti, County of Washtenaw, State of Michigan.

2. That Defendant WAL-MART STORES, INC., a Foreign corporation individually is licensed and doing business at 10562 Belleville Rd., in the City of Belleville, County of Wayne, State of Michigan, with its Resident Agent The Corporation Company located at 30600 Telegraph Road, Ste. 2345, Bingham Farms, Michigan 48025.

3. That Defendant WAL-MART STORES EAST, LIMITED PARTNERSHIP, is Foreign Limited Partnership, individually, is licensed and doing business 10562 Belleville Rd., in the City of Belleville, County of Wayne, State of Michigan, with its Resident Agent The Corporation Company located at 30600 Telegraph Road, Ste. 2345, Bingham Farms, Michigan 48025.

4. That the amount in controversy herein exceeds the sum of Twenty Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

5. That on or about September 7, 2015, the Defendants, did business and was the owners and/or maintainers of real property located at 10562 Belleville Rd., in the City of Belleville, County of Wayne, State of Michigan.

6. That on or about September 7, 2015, Defendants had exclusive possession and control over the area where the incident occurred.

7. That on or about September 7, 2015, Plaintiff-Minor was a business invitee at the store owned, operated and maintained by Defendant located at 10562 Belleville Rd., in the City of Belleville, County of Wayne, State of Michigan and was a business invitee in Defendant's store when she was walking down an aisle way when suddenly and without any warning the panels on the side of a shelf fell forward onto Plaintiff-Minor causing Plaintiff-Minor to sustain serious and disabling injuries more fully set forth herein.

8. That at the time, place and location aforesaid, it was the duty of the Defendant through its agents, servants and/or employees, to exercise all due care and diligence for the safety of Plaintiff-Minor and for all other persons lawfully upon said premises, and in particular to exercise said due care and diligence to keep and maintain said premises in a reasonably safe condition for Plaintiff-Minor and all other persons lawfully upon same, and to remove said defect from the premises, in accordance with the laws of the State of Michigan, the Ordinances of the City of Belleville, County of Wayne, State of Michigan and the Rules of the Common Law.

9. That disregarding said duties, the Defendant, through its agents, servants and/or employees, failed to exercise reasonable and ordinary care and diligence in the maintenance of said premises in the following manner, to-wit: failed to keep and maintain said premises in a reasonably safe manner; carelessly and negligently allowed and permitted said defect to remain in said area where business invitees would come into contact with it; and carelessly and negligently allowed the area to remain defective and in an unsafe condition for an unreasonable length of time so that, as a direct result of the negligence of the Defendant, she was caused to be injured and sustained serious and disabling injuries.

10. That Defendant, through its agents, servants and/or employees, was guilty of one or more of the following negligent acts and omissions in violation of its duty to Plaintiff:

    a. Permitted said defect where customers were expected to traverse, although Defendant knew, or in the exercise of reasonable care and diligence should have known, of the dangerous condition thereof;

    b. Permitted a dangerous condition to exist on said premises and allowed and permitted said premises, to remain in an unsafe condition, although Defendant knew, or in the exercise of reasonable care and diligence, should have known thereof;

    c. Failed to remove the defective panel or in the alternative, to give adequate notice or a warning to Plaintiff-Minor and other persons lawfully on said premises of the dangerous condition thereof, although Defendant knew of or, in the exercise of reasonable care and diligence, should have known of the dangerous condition

thereof.

11. That Defendants are liable for the negligent actions/inactions of its employees, representatives pursuant to the *doctrine of respondeat superior*.

12. That Defendant's under a separate and distinct duty owed to Plaintiff-Minor, are responsible for the active negligence of its employees and are liable to Plaintiff-Minor for the injuries sustained to her.

13. That Defendants under a separate and distinct duty owed to Plaintiffs Defendants negligently performed their respective obligations-duties to the detriment of Plaintiff-Minor under the contract causing severe and disabling injuries giving rise to tort liability.

14. That Defendants under a separate and distinct duty owed to Plaintiff-Minor Defendants through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff-Minor causing severe and disabling injuries.

15. That as a direct and proximate result of the negligence and carelessness of Defendants, and all of them, the Plaintiff-Minor sustained damages including, but not necessarily limited to:

   a. Closed head injury; cognitive deficits, neurological deficits; severe injuries to her neck; permanent scarring; injuries to her spine and back resulting in nerve damage; altered gait, inability to ambulate, diminished extension, flexion, and range of motion; severe injuries to her upper and lower extremities; decrease in gross and fine motor skills; severe shock, as well as physical pain and suffering;

   b. The requirement of intense therapy for injuries which are permanent in nature;

   c. Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

   d. Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

18-011119-NO    FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    8/31/2018 4:04 PM    Debra Bynum

e. Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

f. Severe, frequent and persistent pain which is of a continuing and permanent nature.

16. That Defendants enjoyed joint possession and control over the are/premises where Plaintiff-Minor was injured.

17. That Defendant's have breached their respective duties under the International Property Maintenance Code (2009 Edition) and Building Construction Ordinance Section 302.3, which is applicable under MCLA 554.139. Said statutory/code breach caused Plaintiff-Minor's severe injuries to her detriment.

18. That in the event that Plaintiff-Minor was suffering from any other medical and/or emotional condition, then in that event, Plaintiff-Minor claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff-Minor prays for Judgment against the Defendant in whatever amount above Twenty Five Thousand Dollars ($25,000.00) that Plaintiff may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

Dated: August 31, 2015

LAW OFFICE OF KELMAN & FANTICH

By: _____
BRIAN L. FANTICH P-60935
ROBERT BACHTEAL P-32493
CARRA J. STOLLER P-64540
Attorney for Plaintiff
30903 Northwestern Hwy., Ste. 270
Farmington Hills, MI 48334
(248) 855-0100